SUMMARY ORDER

Petitioner Mai Zhan, a native and citizen of the People’s Republic of China, seeks review of an August 18, 2008 order of the BIA affirming the September 20, 2006 decision of Immigration Judge (“IJ”) Joanna *55 M. Bukszpan denying Zhan’s application for relief under the Convention Against Torture (“CAT”). In re Mai Zhan, No. A079 393 937 (B.I.A. Aug. 18, 2008), aff'g No. A079 393 937 (Immig. Ct. N.Y. City Sept. 20, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, we decline to consider Zhan’s claim that she fears return to China based on the birth of her two children in the United States, as she failed to exhaust that claim before the agency, and the Government raises that failure to exhaust in its brief. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 124 (2d Cir.2007) (describing the issue exhaustion requirement as an “affirmative defense subject to waiver”).
When, as here, the BIA adopts and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
We find no error in the agency’s denial of Zhan’s application for CAT relief. As both the IJ and the BIA concluded, her claimed fear of torture based on her “illegal” departure from China was too speculative to merit relief, where she testified that she left the country using a passport bearing her own name and photograph. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best”). Notwithstanding that testimony, Zhan argues that the agency erred in making this finding because she “clearly testified that she utilized a smuggler to assist her into entering the United States” and cites evidence in the record indicating that the Chinese government provides penalties for illegal departure. However, the fact that Zhan used a smuggler to enter the United States does little to support her claim, where she fails to establish that the Chinese government would perceive her as an illegal emigrant. As she testified, she encountered no problems when her passport was inspected and stamped upon her departure from China. Moreover, Zhan has not indicated that the smuggler used unlawful means to obtain her passport. As Zhan fails to establish that she departed from China unlawfully, we cannot conclude that the agency erred in denying her CAT claim as too speculative to merit relief. See Jian Xing Huang, 421 F.3d at 129.
For the foi-egoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).